IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 06-cv-1048-MJR ) |
| KRI MIDWEST, INC., KERCELL D. PARKER, and ROBIN PARKER, | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

In early January 2007, Central Laborers' Pension, Welfare and Annuity Funds ("the Funds") filed suit in this Court to recover fringe benefit contributions and liquidated damages from three Defendants – (1) KRI Midwest, Inc., (2) Kercell D. Parker and (3) Robin M. Parker – under a collective bargaining agreement. This Court exercises subject matter jurisdiction under the federal question statute (28 U.S.C. § 1331), based on the Funds' allegations under a federal statute – the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132, 1145.

All three Defendants were served, but none answered or otherwise moved in response to the complaint. On March 8, 2007, the Funds obtained a Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. 8. Now before the Court is the Funds' April 16, 2007 motion for default *judgment* under Federal Rule of Civil Procedure 55(b).

The detailed 27-page motion is accompanied by exhibits and supported by a memorandum plus an affidavit delineating the amount of attorneys' fees/costs/expenses incurred to date. Because an audit has not yet been conducted of Defendants' records, however, the amount of delinquent contributions and liquidated damages cannot be computed (*see* Doc. 13-1, pp. 7-8).

Accordingly, the Court **GRANTS** the motion for default judgment (Doc. 13) but **DIRECTS** the Clerk of Court to **withhold <u>entering</u> judgment** until the total amount of damages has been calculated/verified.

The United States Court of Appeals for the Seventh Circuit has emphasized that judgment may not be *entered* until the total amount of damages is determined. For instance in *Lowe v. McGraw-Hill Companies, Inc.*, **361 F.3d 335, 339-40 (7th Cir. 2004)**, the Court explained (emphasis added):

> The default is entered upon the defendant's failure to plead or otherwise defend, … but if an evidentiary hearing or **other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered. See Rule 55(b)(2)**.

To facilitate this process (ascertaining the total amount of damages herein), the Court **ORDERS** Defendants – **BY APRIL 30, 2007** – to turn over payroll records and books to the Funds, so that an audit can be conducted to determine the amount of any and all delinquent contributions and liquidated damages owed under the applicable agreement/documents.

The Court **DIRECTS** the Funds – **BY JUNE 7, 2007** – to either submit a proposed Order delineating the amounts of all damages (e.g., delinquent contributions, liquidated damages, attorneys' fees and costs) OR file a status report explaining why those figures cannot yet be provided (and, thus, judgment cannot yet be entered). The Court further **DIRECTS** the Funds' counsel to promptly serve a copy of this Order on Defendants and to call the undersigned Judge's Law Clerk at 618-482-9229 once that has been accomplished, so an appropriate notation may be made on the docket sheet.

IT IS SO ORDERED.

DATED this 18th day of April 2007.

s/ Michael J. Reagan\_\_\_
Michael J. Reagan
United States District Judge